**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| **VALERIE TURNER, on behalf of herself and others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FIVE GUYS ENTERPRISES, LLC, FIVE GUYS OPERATIONS, LLC, and FIVE GUYS RA, LLC**<br><br>**Defendants.** | **Case No. 1:11-cv-03718 (RDB)** |

**ORDER ON UNOPPOSED MOTION FOR APPROVAL OF
<u>FAIR LABOR STANDARDS ACT SETTLEMENT</u>**

This matter having come before the Court on Plaintiff's Unopposed Motion and Incorporated Memorandum In Support Of Plaintiff's Unopposed Motion For Approval Of Fair Labor Standards Act Settlement. Having reviewed the Motion, having reviewed the Parties' settlement papers, and the amounts to be paid to Plaintiff, members of the Settlement Collective, and for Collective Counsel's fees, litigation expenses, and costs, having conducted a telephonic hearing on this date, and the Court being otherwise fully advised in the premises, it is ORDERED this 26th day of February, 2014 that the

Plaintiff's Unopposed Motion for Approval of Fair Labor Standards Act Settlement (ECF#37-1) is GRANTED; Approving Fair Labor Standards, and

Plaintiff's claims be, and the same hereby are, DISMISSED with prejudice; and it is

**FURTHER HEREBY ORDERED AND ADJUDGED** as follows:

1.   The Court has jurisdiction over the claims alleged in the Litigation, the Parties in the Litigation, and the implementation and administration of the Parties' Stipulation and

Settlement Agreement ("Settlement Agreement");

2. The Parties' Settlement Agreement is adequate, fair, and reasonable and in the best interests of Plaintiff and members of the Settlement Collective, and the Court directs consummation of its terms and provisions;

3. The Parties' proposed Notice of Settlement of Collective Action ("Notice") and Claim Form Package (including Claim and Consent to Join Form) are approved and authorized for mailing to members of the Settlement Collective;

4. The Court hereby certifies a collective pursuant to Section 216(b) for settlement purposes only in accordance with the terms of the Settlement Agreement. The "Settlement Collective" is defined as: "any and all employees of Defendants employed in the position of Assistant Store Manager who were classified as exempt from the overtime requirements of the FLSA, and who underwent an initial training period at any time during the period from December 23, 2008 through and including entry of the Approval Order."

5. For the purposes of settlement only, the Court appoints Whitfield Bryson & Mason LLP, the Akaras Law Offices and Klafter Olsen and Lesser LLP as "Collective Counsel." Collective Counsel have extensive knowledge in litigating wage and hour collective actions such as this, are familiar with the complex factual and legal questions at issue in this Litigation, and will adequately represent the Plaintiff and members of the Settlement Collective in a comprehensive and vigorous manner.

6. For the purposes of settlement only, the Court appoints Valerie Turner as "Plaintiff," as the term is defined in the Settlement Agreement. Plaintiff, together with Collective Counsel, is hereby authorized to act on behalf of herself and members of the Settlement Collective, with respect to the Litigation and the Settlement Agreement.

7.  Kurtzman Carson Consultants LLC is appointed as the Claims Administrator for the settlement in this matter, subject to the terms and conditions of the Parties' Settlement Agreement;

8.  Members of the Settlement Collective must timely file a fully completed Claim Form Package (Claim Form and Substitute IRS W-9 Form) so that it is received by the Claims Administrator on or before forty-five (45) calendar days after the date the Notice and Claim Form Packages are post-marked in order to be considered an Authorized Claimant (as that term is defined in the Settlement Agreement) and to qualify for participation in the settlement.

9.  Collective Counsels' application for an award of attorneys' fees, costs, and expenses is approved;

10. Collective Counsels' application for an incentive payment of $5,000 to Plaintiff Valerie Turner is approved;

11. Upon satisfaction of all payments described in the Settlement Agreement, Plaintiff and members of the Settlement Collective timely file a fully completed Claim Form Package will be permanently barred from prosecuting any of the Released Claims against the Released Persons (as these terms defined in the Settlement Agreement);

12. The tolling of the statute of limitations previously ordered by the Court in Docket Entry No. 27-2 shall cease upon the Bar Date set forth in the Settlement Agreement, and the statute of limitations will continue to run for any members of the Settlement Collective who did not become an Opt-in Plaintiff by the Bar Date.

13. As provided for in the Settlement Agreement, if the settlement is terminated or cancelled pursuant to the terms of the Settlement Agreement, then the Settlement Agreement and the certification of the Settlement Collective provided for herein, will be vacated and the

Litigation shall proceed as though the Settlement Collective had never been certified, without prejudice to any party's position on the issue of collective action certification or any other issue; and

    14.    This Court retains jurisdiction to enforce the terms of the Settlement Agreement.

    15.    The Clerk of the Court is instructed to CLOSE THIS CASE.

_____/s/_____
**HON. RICHARD D. BENNETT**
**UNITED STATES DISTRICT JUDGE**